[No. 808.]

# WILLIAM ARRINGTON and M. B. BARTLETT, PLAINT-IFFS, v. F. R. WITTENBERG, DEFENDANT.

FORECLOSURE OF MECHANICS' LIEN—SECTION 345 OF PRACTICE ACT CONSTRUED.
—In construing section 345 (1 Comp. L. 1406): *Held*, that there is nothing
in the section that requires an undertaking, in an action to foreclose a
mechanics' lien, to secure the money part of the judgment in order to
stay the order directing the sale of the property.

IDEM.—The only provision for a covenant in the undertaking to pay any
deficiency arising upon the sale applies solely to cases in which the
judgment is for the sale of mortgaged premises.

ORIGINAL Motion in Supreme Court for leave to issue an
order of sale.

The facts are stated in the opinion.

*Crittenden Thornton*, for the Motion.

*G. W. Baker*, against the Motion.

By the Court, HAWLEY, C. J.:

The plaintiff obtained a judgment and decree of foreclos-
ure of a mechanic's lien and an order of sale of certain real
estate.

The decree recites a money judgment, and after directing
a sale of the premises to satisfy said judgment, provides for
the docketing of a judgment against defendant, for any bal-
ance that may be due to plaintiffs after the proceeds of said
sale have been properly applied.

The defendant gave notice of an appeal to this court from
said judgment and decree, and filed two undertakings on
appeal. One being in the sum of three hundred dollars,
conditioned to "pay all damages and costs which may be
awarded" against the appellant, as required by section 341
of the civil practice act (1 Comp. L. 1402.) The other, in the
sum of one thousand dollars (being the amount fixed by the
judge of the district court, who rendered the judgment),
conditioned "that during the possession of said property
by said appellant, he will not commit, nor suffer to be com-
mitted, any waste thereon, during the time he is so in pos-

session; and that we will pay to said Wm. Arrington and M. B. Bartlett, all damages which they may suffer by reason of the commission of any waste upon said premises during the time said appellant is in possession of the same." Upon this state of facts, the plaintiffs move this court for leave to issue an order of sale of the premises described in the decree of foreclosure and sale. Said motion is based upon the ground that said undertakings are insufficient in law to stay the execution and order of sale, for two reasons: First. Because "there is not any covenant or undertaking to pay the personal judgment." Second. Because "there is not any covenant or undertaking to pay any deficiency which may ensue upon a sale of the said premises."

We think the whole question rests exclusively upon the construction to be given to section 345 of the practice act, and, in our judgment, but one interpretation can be given to it. It reads as follows: "If the judgment or order appealed from direct the sale or delivery of possession of real property, the execution of the same shall not be stayed unless a written undertaking be executed on the part of the appellant, with two or more sureties, to the effect that, during the possession of such property by the appellant, he will not commit, nor suffer to be committed, any waste thereon, and that, if the judgment be affirmed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment or order, not exceeding a sum to be fixed by the judge of the court by which the judgment was rendered or order made, and which shall be specified in the undertaking. When the judgment is for the sale of mortgaged premises, and the payment for a deficiency arising upon the sale, the undertaking shall also provide for the payment of such deficiency. In all other cases, not herein before mentioned, the amount of the undertaking to stay the execution of the judgment or order, shall be fixed by the court or judge thereof." (1 Comp. L. 1406.)

The motion is not for leave to issue execution upon the money judgment. In fact, no appeal was taken from that part of the judgment; but only from that part which estab-

lishes a lien upon the property of defendant, and hence the only question for our decision is whether, under the provisions of the section above quoted, the undertakings are sufficient to stay the issuance of the order of sale. There is nothing in the section that requires an undertaking to secure the money part of the judgment, in order to stay the order directing a sale of the property. The only provision for a covenant in the undertaking to pay any deficiency arising upon the sale, applies solely to cases in which the judgment is for the sale of mortgaged premises. The statute in this respect clearly discriminates in favor of giving this security only " when the judgment is for the sale of mortgaged premises." No other liens are mentioned. The maxim *expressio unius est exclusio alterius* applies.

If the legislature had intended that mechanics' or other liens should be governed, in this respect, by the same rule as mortgages, it would have been so stated. The supreme court of California has given to a statute identical with the section quoted the same interpretation. (*Englund* v. *Lewis*, 25 Cal. 353.) The fact that section 248 of our practice act contains the words " or lien," in providing for actions for the foreclosure of mortgages, does not, in any manner, change or affect the interpretation to be given to section 345, upon which alone the points raised as to the sufficiency of the undertakings to stay the issuance of the order of sale, must be determined. We are of opinion that the undertaking to stay waste complies with the provisions of the statute, and is sufficient to stay the issuance of the order of sale.

The motion is denied.